TAYLOR *v.* McKENNON.

Opinion delivered November 5, 1928.

224

*John Baxter,* for appellant.

*Williamson & Williamson,* for appellee.

HART, C. J., (after stating the facts). The sole ground relied upon by appellant for a reversal of the decree is that the transfer of the shares of stock by

McKennon to Thane was not made in strict compliance with the provisions of § 3 of act 496 of the Acts of 1921, and that, on account of failure in this respect, the transfer was not effective as against the creditors of the insolvent bank.

The first act on our statute books relative to the transfer of shares of stock was an act to provide for the creation and organization of incorporated companies, passed by the Legislature of 1869. Acts of 1869, p. 179. A part of § 12 of this act relating to the transfer of stock is now § 1716 of Crawford & Moses' Digest, and reads as follows:

"Whenever any stockholder shall transfer his stock in any such corporation, a certificate of such transfer shall forthwith be deposited with the county clerk aforesaid, who shall note the time of said deposit, and record it at full length in a book to be kept by him for that purpose; and no transfer of stock shall be valid as against any creditor of such stockholder until such certificate shall have been so deposited."

This act has been construed by this court in the following cases: *Warren* v. *Nix*, 97 Ark. 374, 135 S. W. 896, and *Bank of Midland* v. *Harris*, 114 Ark. 344, 170 S. W. 67, Ann. Cas. 1916B, 1255. In the case first cited a stockholder, in good faith, before the insolvency of the bank, transferred his stock to the cashier, and gave him full power to note the transfer upon the books of the bank and to file a statement of the transfer with the county clerk. The transfer was held to be valid, and that there was no liability under the statute, because the stockholder had done all that could be expected of a reasonably prudent business man. In the case last cited the court again held that a transfer of capital stock without same being recorded on the books of the corporation is efficacious to sever the relation between a stockholder and the bank, if the sale had been made honestly and in good faith, and the seller or transferrer of the stock had done all that could be done by a careful and prudent business man in order to make such transfer.

In the case at bar the undisputed facts are that the stock was sold to the president of the bank at a time when it was solvent, and there is no suspicion of fraud in the transaction. The seller and the purchaser were perfectly solvent at that time. The stock certificates were duly transferred on the printed forms on the backs of the certificates, and power of attorney was given, authorizing the change of ownership to be made upon the books of the bank, and the same were delivered to the president of the bank, who was also the purchaser of the stock. Thereafter McKennon was no longer considered a stockholder of the bank, and his place as holder of the certificates of stock in question was taken by Henry Thane, the president of the bank, who thereafter voted the shares of stock at the meetings of stockholders and collected the dividends on the same.

It is conceded that McKennon cannot be held liable for the double liability of stockholders imposed by statute unless the rule above announced has been changed by subsequent statute. It is contended, however, that subsequently the Legislature passed a mandatory statute, intending to protect depositors and other creditors of banks which become insolvent, by making it the duty of the transferrer of stock to see that the stock was transferred in the manner provided by the statute, in order to escape the double stockholders' liability under the statute for the benefit of creditors of an insolvent bank.

The Legislature of 1913 passed an act for the organization and control of banks. The act created the State Banking Department, and provided for the appointment of a State Bank Commissioner and prescribed his duties. Crawford & Moses' Digest, chapter 15. Section 21 of the act, which is § 686 of the Digest, regulates the transfer of stock, and reads as follows:

"The stock of every bank shall be deemed personal property, and in case of sale shall be transferred only on the books of such corporation, in such form as the commissioner shall prescribe, and, whenever any stock-

holder has sold and may wish to transfer his stock, a certificate of such transfer, signed by the president and cashier, or secretary, shall be deposited with the county clerk of the county in which it is located, who shall note the time of filing thereof, and record it in a book to be kept by him for that purpose, for which the clerk shall be entitled to a fee of twenty-five cents; and no sale or transfer of stock shall be valid as against creditors of such stockholder until such certificate has been deposited.''

This section was amended by the Legislature of 1921. Acts of 1921, p. 514. Section 3 of that act reads as follows:

''The stock of every bank shall be deemed personal property, and in case of sale shall be transferred only on the books of such corporation, in such form as the commissioner shall prescribe, and, whenever any stockholder has sold and may wish to transfer his stock, a certificate of such transfer, signed by the president and cashier, or secretary, and setting forth the name and residence of the transferee, shall be deposited by said transferrer with the commissioner, who, after he has indorsed it as having been filed with him, shall return it for filing with the county clerk of the county in which the said bank is located. The said county clerk shall note the time of the filing thereon, and record it in a book to be kept for that purpose, for which the clerk shall be entitled to a fee of twenty-five cents. No sale or transfer of stock shall be valid as against creditors of the transferrer until such certificate so filed with, and indorsed and returned by, the commissioner, has been filed for record with said county clerk.''

Now it is contended that provisions of this section, that, whenever any stockholder may wish to transfer his stock, the certificate of such transfer, properly signed, and setting forth the name and residence of the transferee, shall be deposited by said transferrer with the State Bank Commissioner, who, after he has indorsed it as having been filed with him, shall return it for

filing with the proper county clerk, changes the rule laid down in our former decisions, and that the rule now is that the transfer of stock by a shareholder in a bank does not relieve him from the stockholder's double liability until the transfer is perfected by being deposited with the Bank Commissioner and otherwise complying with the provisions of the act of 1921 above referred to.

Our act creating the State Banking Department was passed March 3, 1913, and the case of *Bank of Midland* v. *Harris, supra,* was decided by this court on June 29, 1914. Hence it is earnestly insisted that the act of 1921 was passed for the purpose of changing the rule laid down in that case and in our previous decisions relating to the subject. We do not agree with counsel in this contention. It will be noted that the concluding part of the section in each of the acts is the one which renders the transfer of the stock invalid as to creditors under certain conditions. Each act is practically the same on this subject. Each act, in effect, provides that no sale or transfer of stock shall be valid as against creditors of the transferrer until such certificate of stock has been filed with the county clerk. In the Bank of Midland case the court recognized that there was a very wide difference in the authorities in construing clauses of this kind, but it was expressly stated that the court must treat it as settled by the case of *Warren* v. *Nix.* The reason for requiring the certificate of stock to be filed for record with the county clerk is to provide a public record, where persons dealing with the corporation or stockholders could readily secure knowledge of the stockholders of the corporation, in order to ascertain who would be liable under the stockholders' double liability statute. It was as much the duty of the transferrer of the certificate of stock to see that the same was filed for record with the county clerk before the act of 1921 was passed as it was afterwards. The act of 1921 only added the requirement that the certificate should be indorsed by the State Bank Commissioner. The vital part of the act was that the transfer should

be filed with the county clerk in order that persons dealing with the bank or the stockholders should have knowledge of the holders of its capital stock and the amount thereof. It could add nothing that an additional requirement was made that the Bank Commissioner should indorse the transfer. No record was to be kept by the Bank Commissioner, and the fact that he should indorse the transfer could add nothing to the duty of the transferrer to see that it was filed for record with the county clerk in order that persons dealing with the corporation or the stockholders might have trustworthy knowledge of the stockholders thereof. Hence we do not think that the act of 1921 would warrant us in treating the ruling made by the court in *Warren* v. *Nix, supra,* and the *Bank of Midland* v. *Harris* as having been changed by statutory enactment. In the case of *Bank of Midland* v. *Harris* the court expressly stated that the rule announced in our earlier decisions must be treated as settling the question in this State. Therefore we adhere to our former ruling on the subject, and are of the opinion that the rule was not changed by the section of the act of 1921 relating to the transfer of the stock of banks in this State, and that the transfer involved in this case complies with the provisions of that act.

Counsel for the defendant contends that act 496 of the Acts of 1921 has been repealed by act 387 of the Acts of 1923, which is an act to regulate the transfer of corporate stock and whose provisions were substantially complied with. General Acts of 1923, p. 358. We do not deem it necessary to pass on this question, for two reasons. In the first place, the conclusion we have reached renders it unnecessary to do so. In the second place, § 23 of the act says that the provisions thereof shall apply only to certificates issued after the passage of the act. The certificates in this case were issued before the act of 1923 went into effect.

Therefore the decree will be affirmed.